IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Newport News Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 4:26-cr-4 |
| | ) | |
| TRENTON R. BIRCHETTE, | ) | |
| | ) | |
| Defendant. | ) | |

RESPONSE OF THE UNITED STATES TO DEFENDANT'S MOTION
TO DISCLOSE PRIOR PRESENTENCE REPORT TO THIRD PARTY

COMES NOW the United States, by and through undersigned counsel, and responds to the defendant's motion to disclose a copy of the Presentence Investigation Report ("PSR) in his prior federal case (Docket No. 4:16cr57), to a forensic psychologist retained to evaluate the defendant in the current case. (ECF No. 18). For the reasons to follow, the United States opposes the disclosure of the entire confidential PSR to a third party, as the defendant has not established a particularized need to do so.

FACTUAL AND PROCEDURAL BACKGROUND

This is the defendant's second federal criminal case before this Court, which as related to the current case, presents an escape charge related to the defendant's term of imprisonment in his prior case. That initial case was a drug and gun case charged in 2016 and tried in 2017, wherein the defendant was convicted of all charges and sentenced to over ten (10) years in the Bureau of Prisons ("BOP"). As he readied for release from that sentence, he was furloughed to a halfway house in December 2025. But the defendant did not appear as required and was arrested a month later, in January 2026.

On January 12, 2026, an indictment was returned by the grand jury charging the defendant with one charge of Escape from Custody, in violation of 18 U.S.C. § 751.  (ECF No. 4).  On February 8, 2026, following his arraignment, the defendant moved for a continuance of the trial date set in this matter so that he could be evaluated by a mental health professional retained by the defendant.  (ECF No. 17).  The United States did not object to that motion and trial has been continued to August 25, 2026.  Also on February 8, 2026, the defendant moved for permission to disclose the entire PSR to his expert.

The defense contends an expert has been retained to evaluate the defendant and render an assessment of his competency.  The defendant claims that a review of the prior PSR, prepared nearly nine years ago, will allow for the expert to have additional information about the defendant's social history, physical health and mental health history.  (Mot. At 1); *see also* ECF No. 59, 71 (4:16cr57).  The defendant acknowledges that an expert can obtain this information in other ways but contends that the ability of the expert to cross-reference the PSR will ensure accuracy and will provide additional information relevant to the defendant's past that the expert might not otherwise have access.  The defendant further contends further that the Court and the United States would otherwise be in a position to cross-examine the defendant's expert as to background information about the defendant and the expert would lack necessary information to respond to such examination.

ARGUMENT

The defendant's request to disclose the entire PSR to a third party should be denied.  To be clear, it is not that the United States objects to the defense expert having necessary background information about the defendant.  In fact, the United States recently provided various records from the BOP to counsel for the defendant that relate to the defendant's recent medical history.  These

2

records also included background materials that were provided by the defense counsel in the prior federal case at sentencing, and were then filed under seal and attached to the PSR. *See* ECF Nos. 64, 65 (4:16cr57). The United States has no objection to the defendant's expert reviewing these background materials, which are separate from the PSR.

But the defendant has not identified why the disclosure of these separate materials is insufficient for his expert's needs. It is well-established that a PSR is presumptively confidential and should only be disclosed under exceptional circumstances. A non-specific, blanket request like the brief filing made by the defendant is plainly insufficient. There is more than sufficient time prior to trial for the defense expert to obtain the necessary background information and disclosure of the PSR should be authorized a short-cut in doing so.

The defendant fails to fully explain why full disclosure of a 2017 PSR is necessary to aid his expert in helping him prepare for any competency hearing, which has not even been set. Indeed, no predicate basis or showing has been established for such hearing under the necessary statutes. *See* 18 U.S.C. § 4241 *et seq.* If the defendant wants to disclose any portion of the PSR to a third party, he must demonstrate a compelling, particularized need for disclosure. Because the defendant has not met his burden, the Court should deny the defendant's motion.

A PSR is presumptively confidential and should only be disclosed under exceptional circumstances. Courts in this district have explained that the defendant "is plainly entitled to a copy of his own PSR," but not to further dissemination to third parties without a "case-specific reason" why release "would further the ends of justice." *United States v. Sangazzo*, No. 4:16-cr-50, 2017 WL 7789724, at *1 (E.D. Va. Aug. 2, 2017) (citing *United States v. Trevino*, 89 F.3d 187, 192 (4th Cir. 1996) ("the confidentiality of PSRs has always been jealously guarded by the drafters of the federal rules, and by the federal courts."); *United States v. Figurski*, 545 F.2d 380,

3

391 (4th Cir. 1976) ("information contained in a presentence report should be disclosed to third parties unless lifting confidentiality is required to meet the ends of justice")).

The defendant misunderstands why the PSR is confidential, assuming that there are no valid reasons why he should not be entitled to disclose his own prior report to his own current expert. (Mot. At 2). There are broader issues than the defendant's own interest in disseminating the report. The Supreme Court has explained that the judiciary has been reluctant to allow third parties access to the PSR for two reasons: (i) "the fear that disclosure of the reports will have a chilling effect on the willingness of various individuals to contribute information that will be incorporated in the report;" and (ii) "to protect the confidentiality of the information contained in the report." *U.S. Dep't of Justice v. Julian*, 486 U.S. 1, 12 (1988); *see also United States v. Gomez*, 323 F.3d 1305, 1308 (5th Cir. 2003) (explaining that "disclosure of a presentence report is contrary to the public interest as it may adversely affect the sentencing court's ability to obtain data on a confidential basis from the accused, and from sources independent of the accused, for use in the sentencing process"). The PSR is confidential to prevent a chilling effect on not only the defendant, but also others who provide information detailed in the report:

> [A]s a repository of investigatory evidence about the defendant's involvement in criminal activity, the PSIR often relies upon confidential informants or sources of information and may include facts obtained from proceedings before the grand jury, which are otherwise secret. Were the confidentiality of presentence reports to be freely or regularly breached, the government's access to information needed for criminal investigation would be severely compromised.

*United States v. Huckaby*, 43 F.3d 135, 138 (5th Cir. 1995). If defendants were permitted to routinely disclose the entire PSR to third parties, this would undermine the confidentiality of the PSR and might – as suggested in the above-cited cases – impact other sources of information in the PSR.

A non-specific, blanket request to disclose the PSR to a third party like the one made by this defendant is insufficient.  Disclosure is only warranted upon a demonstration of a "compelling, particularized need."  *United States v. Corbitt*, 879 F.2d 224, 239 (7th Cir. 1989).  The Eleventh Circuit has cautioned that "the compelling need must be one stated with particularity, as opposed to an abstract and conclusory expression of need."  *United States v. Gomez*, 323 F.3d 1305, 1308 (11th Cir. 2003).  The defendant has not satisfactorily identified what information the expert needs that could not be obtained without disclosing the PSR.  With the mental health professional, he or she could presumably ask the defendant about most of the background information in the PSR and the defendant's counsel can assist in obtaining needed records and certainly has the time and resources to do so as demonstrated in prior counsel obtaining sealed records that were attached to the PSR.

To the defendant's concern about any future hearing and limits on examination, the United States would point out that this also puts the Court's own Probation Officer (who prepared the PSR) in a position of having to testify as to how and where records were obtained and background information of the defendant.  The Probation Office should not be placed in this position when the defendant can obtain the information in another way.

Even if the Court finds that the defendant has met his burden to disclose some portion of the PSR, it should deny the defendant's request to disclose the entire report.  Disclosure should be narrowly tailored to only the information necessary under the circumstances.  *United States v. Corbitt*, 879 F.2d 224, 239 (7th Cir. 1989) (holding that "[o]nly where a compelling, particularized need for disclosure is shown should the district court disclose the report; even then, however, the court should limit disclosure to those portions of the report which are directly relevant to the demonstrated need").  The PSR touches on many different topics, ranging from the procedural

history of the former case, the defendant's criminal history, the defendant's background, to the sentencing calculation. The United States can think of no reason why a mental health expert would require much of this information to render a competency assessment. The PSR is designed to aid the Court in fashioning an appropriate sentence – not to stand as a substitute for a defense expert simply interviewing the defendant about basic aspects of his background or the offense conduct at issue.

Lastly, the cases cited by the defendant where disclosure has been permitted are inapposite. In *United States v. Osby*, 4:24cr26, the request for disclosure came about as a <u>consent motion</u> to disclose the PSR wherein the government did not object, perhaps because the PSR at issue apparently disclosed a long history of mental health issues. (ECF No. 23, 4:24cr26). In *United States v. Glaspy*, 2:23cr91, a similar <u>consent motion</u> was filed, again to which the government did not object, but the subject matter was an expert who was rendering an opinion on the defendant's anticipated adjustment to BOP programming and classification. (ECF No. 55, 2:23cr91). Both of these consent motions concerned disclosures of the PSR prior to sentencing in those cases where a particularized need had been established.

This is the not the situation in this case. The PSR at issue was prepared and disclosed in June 2017, nearly nine years ago. The request is for its use in a potential competency hearing (the need for which has not even been established). Furthermore, as the defendant well knows, there is not a lengthy record pertaining to mental health in the prior PSR. That information consists of just two paragraphs and the sources in those paragraphs (apart from the defendant's mother) do not corroborate the defendant's self-reported claims of mental health issues and treatment. (ECF No. 71, ¶¶ 105-106, 4:16cr57). There are just three other paragraphs in the thirty-eight page PSR that pertain to the defendant's physical health and substance abuse. It is difficult to see how this

information, provided again by the defendant, would be useful in a competency assessment – particularly as no competency issues arose in the prior criminal case in which the defendant went to trial and was convicted of all charges.

Contrary to the two cases cited by the defendant, the United States has opposed the disclosure of a PSR when a particularized need has not been demonstrated.  In *United States v. Merryman*, 4:24cr4, for example, the United States did object to such disclosure and Judge Jackson found that the defendant had not satisfied his burden in a request to disclose the PSR to a mental health professional who had already interviewed the defendant and reviewed relevant discovery. (ECF No. 59, 4:24cr4).  The United States submits that this case presents similar concerns that caution against disclosure.

## CONCLUSION

The defendant has not met his burden to justify why disclosure of his entire PSR to a third party is required to meet the ends of justice.  The fact that sharing the PSR with a defense expert might in some unspecified way make it easier for that expert to prepare a report does not outweigh the public, the Court, and the government's interest in the confidentiality of the PSR.  The Court should accordingly deny the defendant's motion.

Respectfully submitted,

Todd W. Blanche
Deputy Attorney General.

By:       _____/s/_____
            Brian J. Samuels
            Assistant United States Attorney
            Eastern District of Virginia
            11815 Fountain Way, Suite 200
            Newport News, Virginia 23606
            Office:  (757) 591-4000
            Fax:     (757) 591-0866
            Email:   brian.samuels@usdoj.gov

**Certificate of Service**

I hereby certify that on February 17, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

I further certify that on February 17, 2027, I sent the foregoing by electronic mail to:

Leah Greathouse
United States Probation Officer
600 Granby Street, Suite 230
Norfolk, Virginia 23510
Email: leah_greathouse@vaep.uscourts.gov

By:     _____/s/_____

Brian J. Samuels
Assistant United States Attorney
Eastern District of Virginia
11815 Fountain Way, Suite 200
Newport News, Virginia 23606
Office:    (757) 591-4000
Fax:       (757) 591-0866
Email:    brian.samuels@usdoj.gov